68 So.2d 1

**Ex parte HAMILTON.**

**8 Div. 689.**

Supreme Court of Alabama.

June 30, 1953.

Rehearing Denied Nov. 27, 1953.

H. H. Hamilton, Russellville, pro se.

Harold M. Cook, Birmingham, for Board of Commissioners.

GOODWYN, Justice.

This is a petition to review the action of the Board of Commissioners of the State Bar suspending petitioner from the practice of law for a period of three years, and further providing that during said period he "shall not be heard on an application for reinstatement, and he shall not be then automatically reinstated, but his suspension shall continue thereafter, subject to his right to petition for reinstatement" under the rules[1] governing the conduct of attorneys in Alabama. The judgment was rendered on December 12, 1952, and by order of this court made on December 22, 1952, was stayed pending hearing of this petition for review. Submission was had on May 28, 1953.

The complaint against petitioner was filed by the Grievance Committee of the Eleventh Judicial Circuit. The complaint alleges that petitioner "has been guilty of violating or failing to comply with Rules Nos. 16, 24, 25, 33 and 36 of Section A, of the Rules[1] Governing the Conduct of all persons admitted to the practice of law in the State of Alabama." Although there are six separate charges, they all appear to be based on the same state of facts.

There is only one question presented, and that is whether there was sufficient evidence to sustain the finding and judgment of the Board of Commissioners; and further, whether there should be any alteration or modification of the judgment.

We see no good which would come from a detailed discussion of the evidence, nor would any useful purpose be thereby served. The judgment holds out the hope that

---

1. Approved by Supreme Court on June 11, 1940, 239 Ala. XXIII.

at the end of the period of suspension, petitioner might again take his place as a member of the legal profession in Alabama. Having this in mind we see no need now to detail the evidence in bold relief. We observe that petitioner has stoutly maintained his innocence of any wrongdoing, claiming that what he did was an honest error and was not done intentionally for the purpose of deceiving or defrauding anyone. However, we have carefully read and studied all the evidence, and upon due consideration thereof by the entire court in consultation, we have concluded that the judgment of the Board of Commissioners was sustained by the proof and should be here affirmed. It is so ordered.

Affirmed.

All the Justices concur.